Glenn F. Ostrager
(admitted pro hac vice) NY S.B.N. 1508456
gostrager@ocfblaw.com
Joshua S. Broitman
(admitted pro hac vice) NY S.B.N. 2583227
jbroitman@ocfblaw.com
OSTRAGER CHONG FLAHERTY
    & BROITMAN P.C.
570 Lexington Avenue
New York, NY 10022
Telephone: (212) 681-0600
Facsimile: (212) 681-0300

Robert C. Schubert S.B.N. 62684
rschubert@schubertlawfirm.com
Willem F. Jonckheer S.B.N. 178748
wjonckheer@schubertlawfirm.com
SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
Telephone: (415) 788-4220
Facsimile: (415) 788-0161

Attorneys for Plaintiff Daniel Strub

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
    Melissa J. Baily (Bar No. 237649)
    Adam Botzenhart (Bar No. 282108)
50 California Street, 22nd Floor
San Francisco, California  94111
Telephone:  (415) 875-6600
Facsimile:  (415) 875-6700
Email:
        melissabaily@quinnemanuel.com
        adambotzenhart@quinnemauel.com

Attorneys for Defendants, YouTube, LLC and
Google Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DANIEL STRUB,<br><br>                    Plaintiff,<br><br>        vs.<br><br>YOUTUBE, LLC, and GOOGLE INC.,<br><br>                    Defendants. | CASE NO. 3:13-cv-04704-RS<br><br>**STIPULATED PROTECTIVE ORDER** |

In order to expedite the flow of discovery materials, facilitate the prompt resolution of disputes over confidentiality of discovery materials, adequately protect information the parties are entitled to keep confidential, ensure that only materials the parties are entitled to keep confidential

1  are subject to such treatment, and ensure that the parties are permitted reasonably necessary uses of

2  such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), it is

3  hereby ORDERED THAT:

4  **I.      INFORMATION SUBJECT TO THIS ORDER**

5          Discovery materials produced in this case may be labeled as one of three categories:

6  CONFIDENTIAL, CONFIDENTIAL OUTSIDE COUNSEL ONLY and RESTRICTED

7  CONFIDENTIAL - SOURCE CODE, as set forth in Sections A through C below.   All three of the

8  identified categories of information shall be identified collectively in this Order by the title

9  "Protected Information."

10         **A.      Information Designated as Confidential Information**

11              1.      For purposes of this Order, "CONFIDENTIAL INFORMATION" shall

12 mean all information or material produced for or disclosed in connection with this action to a

13 receiving party that a producing party, including any party to this action and any non-party

14 producing information or material voluntarily or pursuant to a subpoena or a court order in

15 connection with this action, considers to comprise confidential technical, sales, marketing,

16 financial, or other commercially sensitive   information, whether embodied in physical objects,

17 documents, or the factual knowledge of persons, and which has been so designated by the producing

18 party.   Any CONFIDENTIAL INFORMATION obtained by any party from any person pursuant to

19 discovery in this litigation may be used only for purposes of this litigation.

20              2.      Any document or tangible thing containing or including any

21 CONFIDENTIAL INFORMATION may be designated as such by the producing party by marking

22 it "CONFIDENTIAL" prior to or at the time copies are furnished to the receiving party.

23              3.      All CONFIDENTIAL INFORMATION not reduced to documentary,

24 tangible or physical form or which cannot be conveniently designated as set forth in Paragraph

25 I.A.2, shall be designated by the producing party by informing the receiving party of the designation

26 in writing.

27              4.      Any documents (including physical objects) made available for inspection by

28 counsel for the receiving party prior to producing copies of selected items shall initially be

STIPULATED PROTECTIVE ORDER

1  considered, as a whole, to constitute CONFIDENTIAL INFORMATION (unless otherwise

2  designated at the time of inspection) and shall be subject to this Order.   Thereafter, the producing

3  party shall have a reasonable time to review and designate the appropriate documents as

4  CONFIDENTIAL INFORMATION (or otherwise as appropriate) prior to furnishing copies to the

5  receiving party.

6         5.    The following information is not CONFIDENTIAL INFORMATION:

7            a.    Any information that is or, after its disclosure to a receiving party,

8                 becomes part of the public domain as a result of publication not

9                 involving a violation of this Order or other obligation to maintain the

10                confidentiality of such information;

11           b.    Any information that the receiving party can show was already

12                publicly known prior to the disclosure; and,

13           c.    Any information that the receiving party can show by written records

14                was received by it from a source who obtained the information

15                lawfully and under no obligation of confidentiality to the producing

16                party.

17        6.    Documents designated CONFIDENTIAL and information contained therein

18 shall be available only to:

19           a.    Outside litigation counsel of record and supporting personnel

20                employed in the law firm(s) of outside litigation counsel of record,

21                such as attorneys, paralegals, legal translators, legal secretaries, legal

22                clerks and shorthand reporters;

23           b.    Technical advisers and their necessary support personnel, subject to

24                the provisions of Paragraphs III.A through III.F herein, who have

25                signed the form attached hereto as Attachment A; the term "technical

26                adviser" shall mean independent outside expert witnesses or

27                consultants (i.e., not employees of a party) with whom counsel may

28                deem it necessary to consult and who comply with Section III;

Case No. 3:13-cv-04704-RS

STIPULATED PROTECTIVE ORDER

c.   Up to two in-house counsel, who are members of at least one state bar in good standing, with responsibility for managing this litigation. William Bierce, of Bierce & Kenerson, P.C., 420 Lexington Avenue #2920, New York, New York 10170, shall qualify as one of Plaintiff's in-house counsel and may have access to documents designated CONFIDENTIAL and information contained therein upon signing the form attached hereto as Exhibit A;

d.   The Court, its personnel and stenographic reporters (under seal or with other suitable precautions determined by the Court);

e.   Independent legal translators retained to translate in connection with this action; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the actions; independent discovery vendors retained to provide litigation support services (e.g., photocopying; organizing, storing, retrieving data in any form or medium; preparing exhibits or demonstrations, etc.) in connection with this action; non–technical jury or trial consulting services; and,

f.   Mock jurors retained for the purpose of this litigation, provided that each juror:   (i) is not presently employed by either of the parties hereto for purposes other than this Action and (ii) has signed the form attached hereto as Attachment A.   The party desiring to disclose Protected Information to a mock juror must first disclose the name and address of the juror to the producing party.   The producing party shall have ten business days after such notice is given, during which disclosure to the mock juror is prohibited, to object in writing to the

STIPULATED PROTECTIVE ORDER

1        proposed disclosure.   A party's objection to the disclosure of

2        Protected Information to a mock juror shall state with particularity the

3        ground(s) of the objection.   The objecting party's consent to the

4        disclosure of Protected Information to a mock juror shall not be

5        unreasonably withheld.

6    **B.**    **Information Designated Confidential Outside Counsel Only**

7        1.    The CONFIDENTIAL OUTSIDE COUNSEL ONLY designation is

8 reserved for CONFIDENTIAL INFORMATION that constitutes (a) marketing, financial, sales,

9 web traffic, research and development, or technical, data or information; (b) commercially sensitive

10 competitive information, including, without limitation, information obtained from a nonparty

11 pursuant to a current Nondisclosure Agreement ("NDA"); (c) information or data relating to future

12 products not yet commercially released and/or strategic plans; and, (d) commercial agreements,

13 settlement agreements or settlement communications, the disclosure of which is likely to cause

14 harm to the competitive position of the producing party.   Documents marked CONFIDENTIAL

15 OUTSIDE ATTORNEYS' EYES ONLY, ATTORNEYS' EYES ONLY, HIGHLY

16 CONFIDENTIAL or RESTRICTED CONFIDENTIAL shall be treated as if designated

17 CONFIDENTIAL OUTSIDE COUNSEL ONLY.   In determining whether information should be

18 designated as CONFIDENTIAL OUTSIDE COUNSEL ONLY, each party agrees to use such

19 designation only in good faith.

20        2.    Documents designated CONFIDENTIAL OUTSIDE COUNSEL ONLY and

21 information contained therein shall be available only to the persons or entities listed in Paragraphs

22 I.A.6.a, b, d, e, and f subject to any terms set forth or incorporated therein and not any person or

23 entity listed in Paragraph I.A.6.c.

24    **C.**    **Information Designated Restricted Confidential - Source Code**

25        1.    The RESTRICTED CONFIDENTIAL - SOURCE CODE designation is

26 reserved for CONFIDENTIAL INFORMATION that contains or substantively relates to a party's

27 "Source Code," which shall mean documents containing or substantively relating to confidential,

28 proprietary and/or trade secret source code or technical design documentation.   The following

-5-

1   conditions shall govern the production, review and use of source code or design documentation

2   information.

3           2.     All such Source Code, and any other Protected Information designated as

4   "RESTRICTED CONFIDENTIAL —SOURCE CODE," shall be subject to the following

5   provisions:

6                 a.     Source Code, to the extent any producing party agrees to provide any

7                     such information, shall ONLY be made available for inspection, not

8                     produced except as provided for below, in electronic format at the

9                     office of the producing party's primary outside counsel of record in

10                   this action.   Source Code will be loaded on a single, non-networked

11                   computer   that is password protected and maintained in a secure,

12                   locked area.   Use or possession of any input/output device (e.g., USB

13                   memory stick, cameras or any camera-enabled device, CDs, floppy

14                   disk, portable hard drive, laptop, etc.) is prohibited while accessing

15                   the computer containing the Source Code.   All persons entering the

16                   locked room containing the Source Code must agree to submit to

17                   reasonable security measures to ensure they are not carrying any

18                   prohibited items before they will be given access to the locked room.

19                   The computer containing Source Code will be made available for

20                   inspection during regular business hours, upon reasonable notice to

21                   the producing party, which shall not be less than three business days

22                   in advance of the requested inspection.   Defendants will also make

23                   Source Code available at the New York office of their primary

24                   outside counsel of record in this action pursuant to the terms above

25                   upon notice of not less than five business days in advance of the

26                   requested inspection.   If the receiving party intends to use Source

27                   Code or printouts of Source Code at a specific deposition in this

28                   matter, the receiving party shall provide no less than five business

STIPULATED PROTECTIVE ORDER                 Case No. 3:13-cv-04704-RS

days notice of its intent to use Source Code at the deposition.   Any deposition where Defendants' Source Code or printouts of Defendants' Source Code will be made available must take place at the San Francisco office of Defendants' primary outside counsel of record in this action.

b.   The receiving party's outside counsel and/or experts may request that commercially available licensed software tools for viewing and searching Source Code be installed on the secured computer.   The receiving party must provide the producing party with the CD or DVD containing such software tool(s) and any necessary software licenses at least four business days in advance of the inspection.

c.   The receiving party's outside counsel and/or expert shall be entitled to take notes relating to the Source Code but may not copy any portion of the Source Code into the notes.   No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein.   Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein.

d.   No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated Source Code, except as the receiving party may request a reasonable number of pages of Source Code to be printed by the producing party, but only if and to the extent necessary for use in this action.   In no event may the receiving party print more than 25 consecutive pages of Source Code during the duration of the case without prior written approval by the producing party, which shall not be unreasonably withheld.   In no event may the receiving party print an aggregate total of more than 500 pages of Source Code during the duration of

STIPULATED PROTECTIVE ORDER                                    Case No. 3:13-cv-04704-RS

1   the case without prior written approval by the producing party, which

2   shall not be unreasonably withheld.   Within five business days or

3   such additional time as necessary due to volume requested, the

4   producing party will provide the requested material on watermarked

5   or colored paper bearing Bates numbers and the legend

6   "RESTRICTED CONFIDENTIAL - SOURCE CODE" unless

7   objected to as discussed below.   The printed pages shall constitute

8   part of the Source Code produced by the producing party in this

9   action.   At the inspecting party's request, up to two additional sets

10   (or subsets) of printed Source Code may be requested and provided

11   by the producing party in a timely fashion.

12   e.   If the producing party objects that the printed portions are not

13   "reasonably necessary" to any case preparation activity, the

14   producing party shall make such objection known to the receiving

15   party within five business days.   If after meeting and conferring the

16   producing party and the receiving party cannot resolve the objection

17   (where such meet-and-confer need not take place in person), the

18   producing party shall be entitled, but not required, to seek a Court

19   resolution of whether the printed Source Code in question is

20   "reasonably necessary" to any case preparation activity.   Contested

21   Source Code print outs need not be produced to the requesting party

22   until the matter is resolved by the Court.

23   f.   Any printed pages of Source Code, and any other documents or things

24   reflecting Source Code that have been designated by the producing

25   party as "RESTRICTED CONFIDENTIAL - SOURCE CODE" may

26   not be copied, digitally imaged or otherwise duplicated, except in

27   limited excerpts necessary to attach as exhibits to depositions, expert

28   reports, or court filings as discussed below.

Case No. 3:13-cv-04704-RS

STIPULATED PROTECTIVE ORDER

g.   Any paper copies designated "RESTRICTED CONFIDENTIAL -
SOURCE CODE" shall be stored or viewed only at (i) the offices of
outside counsel for the receiving party, (ii) the offices of outside
experts or consultants who have been approved to access Source
Code; (iii) the site where any deposition is taken (iv) the Court; or (v)
any intermediate location necessary to transport the information to a
hearing, trial or deposition. Any such paper copies shall be
maintained at all times in secure location under the direct control of
counsel responsible for maintaining the security and confidentiality
of the designated materials.

h.   A list of names of persons who will view the Source Code will be
provided to the producing party in conjunction with any written
(including email) notice requesting inspection.   The receiving party
shall maintain a daily log of the names of persons who enter the
locked room to view the Source Code and when they enter and depart.
The producing party shall be entitled to have a person observe all
entrances and exits from the Source Code viewing room, and to a
copy of the log.

i.   Unless otherwise agreed in advance by the parties in writing,
following each inspection, the receiving party's outside counsel
and/or experts shall remove all notes, documents, and all other
materials from the room that may contain work product and/or
attorney-client privileged information.   The producing party shall
not be responsible for any items left in the room following each
inspection session.

j.   The receiving party will not copy, remove, or otherwise transfer any
portion of the Source Code from the Source Code Computer
including, without limitation, copying, removing, or transferring any

STIPULATED PROTECTIVE ORDER

portion of the Source Code onto any other computers or peripheral equipment.   The receiving party will not transmit any portion of the Source Code in any way from the location of the Source Code inspection.

k.      Only the following individuals shall have access to "RESTRICTED CONFIDENTIAL - SOURCE CODE" materials, absent the express written consent of the Producing Party or further court order:

i.      Outside counsel of record for the parties to this action, including any attorneys, paralegals, technology specialists and clerical employees of their respective law firms;

ii.     Up to three (3) outside experts or consultants per party, pre-approved in accordance with Paragraphs III.A through III.F and specifically identified as eligible to access Source Code;

iii.    The Court, its technical advisor (if one is appointed), the jury, court personnel, and court reporters or videographers recording testimony or other proceedings in this action. Court reporters and/or videographers shall not retain or be given copies of any portions of the Source Code.   If used during a deposition, the deposition record will identify the exhibit by its production numbers;

iv.     While testifying at deposition or trial in this action only: (i) any current or former officer, director or employee of the producing party or original source of the information; (ii) any person designated by the producing party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; and/or (iii) any person who authored, previously received (other than in connection with this

STIPULATED PROTECTIVE ORDER

Case No. 3:13-cv-04704-RS

litigation), or was directly involved in creating, modifying, or editing the Source Code, as evident from its face or reasonably certain in view of other testimony or evidence. Persons authorized to view Source Code pursuant to this sub-paragraph shall not retain or be given copies of the Source Code except while so testifying.

l. The receiving party's outside counsel shall maintain a log of all copies of the Source Code (received from a producing party) that are delivered by the receiving party to any qualified person under Paragraph C.2.g above. The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored. Upon request by the producing party, the receiving party shall provide reasonable assurances and/or descriptions of the security measures employed by the receiving party and/or qualified person that receives a copy of any portion of the Source Code;

m. Except as provided in this paragraph, the receiving party may not create electronic images, or any other images, of the Source Code from the paper copy for use on a computer (e.g., may not scan the source code to a PDF, or photograph the code). The receiving party may create an electronic copy or image of limited excerpts of Source Code only to the extent necessary in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("SOURCE CODE DOCUMENTS"). The receiving party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code is used. Images or copies of Source Code shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings

STIPULATED PROTECTIVE ORDER                    Case No. 3:13-cv-04704-RS

and other papers except to the extent permitted herein.   The receiving party may create an electronic image of a selected portion of the Source Code only when the electronic file containing such image has been encrypted using commercially reasonable encryption software including password protection.   The communication and/or disclosure of electronic files containing any portion of Source Code shall at all times be limited to individuals who are authorized to see Source Code under the provisions of this Protective Order.   The receiving party shall maintain a log of all electronic images and paper copies of Source Code in its possession or in the possession of its retained consultants, including the names of the recipients and reviewers of any electronic or paper copies and the locations where the copies are stored.   Additionally, all electronic copies must be labeled "RESTRICTED CONFIDENTIAL - SOURCE CODE."

n.   To the extent portions of Source Code are quoted in a document, either (1) the entire document will be stamped and treated as RESTRICTED CONFIDENTIAL - SOURCE CODE or (2) those pages containing quoted Source Code will be separately bound, and stamped and treated as RESTRICTED CONFIDENTIAL - SOURCE CODE.

o.   All copies of any portion of the Source Code in whatever form shall be securely destroyed if they are no longer in use.   Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

p.   The receiving party's outside counsel may only disclose a copy of the Source Code to individuals specified in Paragraph C.2.k above (e.g., Source Code may not be disclosed to in-house counsel).

STIPULATED PROTECTIVE ORDER

**D.     Use of Protected Information at Trial**

A party shall provide a minimum of two business day's notice to the producing party in the event that a party intends to use any Protected Information during trial.   In addition, the parties will not oppose any request by the producing party that the courtroom should be sealed, if allowed by the Court, during the presentation of any testimony relating to or involving the use of any Protected Information.

**II.     PROSECUTION BAR**

A.     Any person reviewing any of an opposing party's Protected Information (all of which shall also be automatically designated as "Prosecution Bar Materials") shall not, for a period commencing upon receipt of such information and ending three years following the conclusion of this case (including any appeals) engage in any Prosecution Activity (as defined below) on behalf of a party asserting a patent in this case.   Furthermore, any person reviewing any of an opposing party's Prosecution Bar Materials shall not, for a period commencing upon receipt of such information and ending three years following the conclusion of this case (including any appeals) engage in any Prosecution Activity involving claims on a method, apparatus, or system relating to online video or advertisements.

B.     Prosecution Activity shall mean any activity related to (1) the competitive business decisions involving the preparation or prosecution (for any person or entity) of patent applications relating to online video or advertisements or advising or counseling clients regarding the same, including but not limited to providing any advice, counseling or drafting of claims for any patent application, reexamination or reissue application; and/or (2) the acquisition of patents (including patent applications) or the rights to any such patents or patent applications with the right to sublicense, relating to online video or advertisements.   Nothing in this paragraph shall prevent any attorney from sending non-confidential prior art to an attorney involved in patent prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor. Nothing in this provision shall prohibit any attorney of record in this litigation from discussing any aspect of this case that is reasonably necessary for the prosecution or defense of any

-13-                          Case No. 3:13-cv-04704-RS

1  claim or counterclaim in this litigation with his/her client.   The parties expressly agree that the

2  Prosecution Bar set forth herein shall be personal to any attorney who review Prosecution Bar

3  Materials and shall not be imputed to any other persons or attorneys at the attorneys' law firm.   It is

4  expressly agreed that attorneys who work on this matter without reviewing Prosecution Bar

5  Materials shall not be restricted from engaging in Prosecution Activity on matters that fall within the

6  Prosecution Bar.

7  **III.   DISCLOSURE OF TECHNICAL ADVISERS**

8        A.    Information designated by the producing party under any category of Protected

9  Information and such copies of this information as are reasonably necessary for maintaining,

10  defending or evaluating this litigation may be furnished and disclosed to the receiving party's

11  technical advisers and their necessary support personnel.

12        B.    No disclosure of Protected Information to a technical adviser or their necessary

13  support personnel shall occur until that person has signed the form attached hereto as Attachment A,

14  and a signed copy has been provided to the producing party; and to the extent there has been an

15  objection under Paragraph III.C., that objection is resolved according to the procedures set forth

16  below.

17        C.    A party desiring to disclose Protected Information to a technical adviser shall also

18  give prior written notice of the intended disclosure by email to all counsel of record in the litigation

19  setting forth with particularity the bates ranges of documents the party intends to disclose, and the

20  producing party shall have ten business days after such notice is given to object in writing to the

21  disclosure.   The party desiring to disclose Protected Information to a technical adviser must

22  provide the following information for each technical adviser:   the bates ranges of information

23  intended to be disclosed, name, address, curriculum vitae, current employer, employment history for

24  the past ten years, a listing of cases in which the witness has testified as an expert at trial or by

25  deposition within the preceding five years, and a identification of any patents or patent applications

26  in which the technical adviser is identified as an inventor or applicant, is involved in prosecuting or

27  maintaining, or has any pecuniary interest.   No Protected Information shall be disclosed to such

28  expert(s) or consultant(s) until after the expiration of the foregoing notice period and resolution of

STIPULATED PROTECTIVE ORDER

1  any objection.   No Protected Information other than bates ranges of information specifically

2  identified in the notice of intended disclosure may be disclosed.   If a party seeks to disclose

3  additional bates ranges of Protected Information to a technical adviser, the party must provide new

4  notice of the intended disclosure to the producing party and the producing party shall have the

5  opportunity to object pursuant to the procedures set forth herein.

6        D.     A party objecting to disclosure of Protected Information to a technical adviser shall

7  state with particularity the ground(s) of the objection and the specific bates ranges of documents that

8  are the subject of the objection.   The objecting party's consent to the disclosure of Protected

9  Information to a technical adviser shall not be unreasonably withheld, and its objection must be

10  based on that party's good faith belief that disclosure of its Protected Information to the technical

11  adviser will result in specific business or economic harm to that party.

12        E.     If after consideration of the objection, the party desiring to disclose the Protected

13  Information to a technical adviser refuses to withdraw the technical adviser or withdraw the bates

14  ranges that are the subject of the objection, that party shall provide notice to the objecting party.

15  Thereafter, the objecting party shall move the Court, within ten business days of receiving such

16  notice, for a ruling on its objection.   A failure to file a motion within the ten business day period,

17  absent an agreement of the parties to the contrary or for an extension of such ten business day

18  period, shall operate as an approval of disclosure of the identified bates ranges of Protected

19  Information to the technical adviser.   The parties agree to cooperate in good faith to shorten the

20  time frames set forth in this paragraph if necessary to abide by any discovery or briefing schedules.

21        F.     The objecting party shall have the burden of showing to the Court "good cause" for

22  preventing the disclosure of its Protected Information to the technical adviser.   This "good cause"

23  shall include a particularized showing that:   (1) the Protected Information is confidential

24  commercial information, (2) disclosure of the Protected Information likely would result in a clearly

25  defined and serious injury to the objecting party's business, (3) the proposed technical advisor is in

26  a position to allow the Protected Information to be disclosed to or become known by the objecting

27  party's competitors, and (4) that the technical advisor's access to Protected Information may create

28

STIPULATED PROTECTIVE ORDER

1  other confidentiality or legal risks in connection with other patent-related activities or interests tied

2  to the technical advisor.

3        G.     A party who has not previously objected to disclosure of Protected Information to a

4  technical adviser or whose objection has been resolved with respect to previously produced

5  information shall not be precluded from raising an objection to a technical adviser at a later time

6  with respect to materials or information that are produced after the time for objecting to such a

7  technical adviser has expired. Any such objection shall be handled in accordance with the provisions

8  set forth above in Paragraphs III.A through III.F.

9  **IV.    CHALLENGES TO CONFIDENTIALITY DESIGNATIONS**

10       A.     The parties shall use reasonable care when designating documents or information as

11 Protected Information.  Nothing in this Order shall prevent a receiving party from contending that

12 any documents or information designated as Protected Information have been improperly

13 designated.  A receiving party may at any time request that the producing party cancel or modify

14 the Protected Information designation with respect to any document or information contained

15 therein.

16       B.     A party shall not be obligated to challenge the propriety of a designation of any

17 category of Protected Information at the time of production, and a failure to do so shall not preclude

18 a subsequent challenge thereto.  Such a challenge shall be written, shall be served on counsel for

19 the producing party, and shall particularly identify the documents or information that the receiving

20 party contends should be differently designated.  The parties shall use their best efforts to resolve

21 promptly and informally such disputes.  If an agreement cannot be reached, the receiving party

22 shall request that the Court cancel or modify a designation.  The burden of demonstrating the

23 confidential nature of any information shall at all times be and remain on the designating party.

24       C.     Until a determination by the Court, the information in issue shall be treated as having

25 been properly designated and subject to the terms of this Order.

26 **V.    LIMITATIONS ON THE USE OF PROTECTED INFORMATION**

27       A.     All Protected Information shall be held in confidence by each person to whom it is

28 disclosed, shall be used only for purposes of this litigation, shall not be used for any business

STIPULATED PROTECTIVE ORDER

1   purpose or in connection with any other legal proceeding, and shall not be disclosed to any person

2   who is not entitled to receive such information as herein provided.   All produced Protected

3   Information shall be carefully maintained so as to preclude access by persons who are not entitled to

4   receive such information.

5   B.   Except as may be otherwise ordered by the Court, any person may be examined as a

6   witness at depositions and trial and may testify concerning all Protected Information of which such

7   person has prior knowledge.   Without in any way limiting the generality of the foregoing:

8   1.   A present director, officer, and/or employee of a producing party may be

9   examined and may testify concerning all Protected Information which has been produced by that

10   party and of which the witness has personal knowledge;

11   2.   A former director, officer, agent and/or employee of a producing party may

12   be interviewed, examined and may testify concerning all Protected Information of which he or she

13   has personal knowledge, including any Protected Information that refers to matters of which the

14   witness has personal knowledge, which has been produced by that party and which pertains to the

15   period or periods of his or her employment; and

16   3.   Non-parties may be examined or testify concerning any document containing

17   Protected Information of a producing party which appears on its face or from other documents or

18   testimony to have been received from or communicated to the non-party as a result of any contact or

19   relationship with the producing party or a representative of the producing party.   Any person other

20   than the witness, his or her attorney(s), or any person qualified to receive Protected Information

21   under this Order shall be excluded from the portion of the examination concerning such

22   information, unless the producing party consents to persons other than qualified recipients being

23   present at the examination.   If the witness is represented by an attorney who is not qualified under

24   this Order to receive such information, then prior to the examination, the attorney must provide a

25   signed statement, in the form of Attachment A hereto, that he or she will comply with the terms of

26   this Order and maintain the confidentiality of Protected Information disclosed during the course of

27   the examination.   In the event that such attorney declines to sign such a statement prior to the

28

Case No. 3:13-cv-04704-RS

STIPULATED PROTECTIVE ORDER

1  examination, the parties, by their attorneys, shall jointly seek a protective order from the Court

2  prohibiting the attorney from disclosing Protected Information.

3        4.     All transcripts of depositions, exhibits, answers to interrogatories, pleadings,

4  briefs, and other documents submitted to the Court which have been designated as Protected

5  Information, or which contain information so designated, shall be filed under seal in a manner

6  prescribed by the Court for such filings.

7        5.     Outside attorneys of record for the parties are hereby authorized to be the

8  persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court

9  upon termination of this litigation without further order of this Court, and are the persons to whom

10  such confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if

11  they are not so retrieved.   No material or copies thereof so filed shall be released except by order of

12  the Court, to outside counsel of record, or as otherwise provided for hereunder.   Notwithstanding

13  the foregoing and with regard to material designated as Restricted Confidential - Source Code, the

14  provisions of Section I.C. are controlling to the extent those provisions differ from this paragraph.

15        6.     Protected Information shall not be copied or otherwise produced by a

16  receiving party, except for transmission to qualified recipients, without the written permission of the

17  producing party, or, in the alternative, by further order of the Court.   Nothing herein shall, however,

18  restrict a qualified recipient from making working copies, abstracts, digests and analyses of

19  CONFIDENTIAL and CONFIDENTIAL OUTSIDE COUNSEL ONLY information for use in

20  connection with this litigation and such working copies, abstracts, digests and analyses shall be

21  deemed Protected Information under the terms of this Order.   Further, nothing herein shall restrict a

22  qualified recipient from converting or translating CONFIDENTIAL and CONFIDENTIAL

23  OUTSIDE COUNSEL ONLY information into machine readable form for incorporation into a data

24  retrieval system used in connection with this action, provided that access to that Protected

25  Information, in whatever form stored or reproduced, shall be limited to qualified recipients.

26        7.     At the request of any party, the original and all copies of any deposition

27  transcript, in whole or in part, shall be marked "CONFIDENTIAL" or "CONFIDENTIAL

28  OUTSIDE COUNSEL ONLY," as appropriate, by the reporter.   This request may be made orally

      Case No. 3:13-cv-04704-RS

STIPULATED PROTECTIVE ORDER

1  during the deposition or in writing within fifteen (15) days of receipt of the final certified transcript.

2  Deposition transcripts shall be treated by default as CONFIDENTIAL OUTSIDE COUNSEL

3  ONLY until the expiration of the time to make a confidentiality designation.   Any portions so

4  designated shall thereafter be treated in accordance with the terms of this Order.

5           C.       No Protected Information may leave the territorial boundaries of the United States of

6  America.   Without limitation, this prohibition extends to Protected Information (including copies)

7  in physical and electronic form.   The viewing of Protected Information through electronic means

8  outside the territorial limits of the United States of America is similarly prohibited.

9  Notwithstanding this prohibition, Protected Information, exclusive of material designated

10  RESTRICTED CONFIDENTIAL ‑ SOURCE CODE, and to the extent otherwise permitted by law,

11  may be taken outside the territorial limits of the United States if it is reasonably necessary for a

12  deposition taken in a foreign country.   The restrictions contained within this paragraph may be

13  amended through the consent of the producing party to the extent that such agreed to procedures

14  conform with applicable export control laws and regulations.

15  **VI.       NON-PARTY USE OF THIS PROTECTIVE ORDER**

16           A.       A nonparty producing information or material voluntarily or pursuant to a subpoena

17  or a court order may designate such material or information as Protected Information pursuant to the

18  terms of this Protective Order.

19           B.       A nonparty's use of this Protective Order to protect its Protected Information does

20  not entitle that nonparty access to the Protected Information produced by any party in this case.

21  **VII.      RIGHT TO ASSERT OTHER OBJECTIONS**

22           By stipulating to the entry of this Protective Order no party waives any right it otherwise

23  would have to object to disclosing or producing any information or item on any ground not

24  addressed in this Protective Order.   Similarly, no party waives any right to object on any ground to

25  the use in evidence of any of the material covered by this Protective Order.   Further, nothing in this

26  Protective Order shall require production of information that a party contends is protected from

27  disclosure by the attorney-client privilege, the work product immunity or other privilege, doctrine,

28  right, or immunity.   If information subject to a claim of attorney-client privilege, work product

STIPULATED PROTECTIVE ORDER

1    immunity, or other privilege, doctrine, right, or immunity is nevertheless inadvertently or

2    unintentionally produced, such production shall in no way prejudice or otherwise constitute a

3    waiver or estoppel as to any such privilege, doctrine, right or immunity.   Any party that

4    inadvertently produces materials protected the attorney-client privilege, work product privilege, or

5    other privilege, doctrine, right, or immunity may obtain the return of those materials by promptly

6    notifying the recipient(s) and providing a privilege log for the inadvertently produced materials.

7    The recipient(s) shall gather and return all copies of the privileged material to the producing party,

8    except for any pages containing privileged markings by the recipient, which pages shall instead be

9    destroyed and certified as such by the recipient to the producing party.      Notwithstanding this

10   provision, outside litigation counsel of record are not required to delete information that may reside

11   on their respective firm's electronic back-up systems that are over-written in the normal course of

12   business.

13   **VIII.   MISCELLANEOUS PROVISIONS**

14          A.      Any of the notice requirements herein may be waived, in whole or in part, but only in

15   writing signed by the attorney-in-charge for the party against whom such waiver will be effective.

16          B.      Inadvertent or unintentional production of documents or things containing Protected

17   Information which are not designated as one or more of the three categories of Protected

18   Information at the time of production shall not be deemed a waiver in whole or in part of a claim for

19   confidential treatment.   With respect to documents, the producing party shall immediately upon

20   discovery notify the other parties of the error in writing and provide replacement pages bearing the

21   appropriate confidentiality legend.   In the event of any disclosure of Protected Information other

22   than in a manner authorized by this Protective Order, including any unintentional or inadvertent

23   disclosure, counsel for the party responsible for the disclosure shall immediately notify opposing

24   counsel of all of the pertinent facts, and make every effort to further prevent unauthorized disclosure

25   including, retrieving all copies of the Protected Information from the recipient(s) thereof, and

26   securing the agreement of the recipients not to further disseminate the Protected Information in any

27   form.   Compliance with the foregoing shall not prevent the producing party from seeking further

28   relief from the Court.

STIPULATED PROTECTIVE ORDER

C.     Within sixty days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties in this action, each party shall, at the option of the producing party, either return or destroy all physical objects and documents which embody Protected Information it has received, and shall destroy in whatever form stored or reproduced, all physical objects and documents, including but not limited to, correspondence, memoranda, notes and other work product materials, which contain or refer to any category of Protected Information.   All Protected Information, not embodied in physical objects and documents shall remain subject to this Order.   In the event that a party is dismissed before the entry of a final non-appealable judgment or order, this same procedure shall apply to any Protected Information received from or produced to the dismissed party.   Notwithstanding this provision, outside litigation counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business. Notwithstanding the foregoing, outside counsel shall be entitled to maintain two (2) copies of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product which refers or is related to any CONFIDENTIAL and CONFIDENTIAL OUTSIDE COUNSEL ONLY information for archival purposes only.   If a party opts to destroy CONFIDENTIAL or CONFIDENTIAL OUTSIDE COUNSEL ONLY information, the party must provide a Certificate of Destruction to the producing party.

D.     If at any time documents containing Protected Information are subpoenaed by any court, arbitral, administrative or legislative body, or are otherwise requested in discovery, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to every party who has produced such documents and to its counsel and shall provide each such party with an opportunity to object to the production of such documents.   If a producing party does not take steps to prevent disclosure of such documents within ten business days of the date written notice is given, the party to whom the referenced subpoena is directed may produce such documents

Case No. 3:13-cv-04704-RS

STIPULATED PROTECTIVE ORDER

1 | in response thereto, but shall take all reasonable measures to have such documents treated in
2 | accordance with terms of this Protective Order.

3 |     E.     Testifying experts shall not be subject to discovery of any draft of their reports or
4 | declarations in this case and such draft reports or declarations, notes, outlines, or any other writings
5 | leading up to an issued report(s) or declarations in this litigation are exempt from discovery.   In
6 | addition, all communications between counsel for a party and that party's testifying expert, and all
7 | materials generated by a testifying expert with respect to that person's work, are exempt from
8 | discovery unless they relate to the expert's compensation or identify facts, data or assumptions
9 | relied upon by the expert in forming any opinions in this litigation and such information is not
10 | already disclosed in the expert's report.

11 |     F.     No party shall be required to identify on their respective privilege log any document
12 | or communication dated on or after the filing of the lawsuit, which absent this provision, the party
13 | would have been obligated to so identify on said privilege log.   The parties shall exchange their
14 | respective privilege document logs at a time to be agreed upon by the parties following the
15 | production of documents.

16 |     G.     This Order is entered without prejudice to the right of any party to apply to the Court
17 | at any time for additional protection, or to relax or rescind the restrictions of this Order, when
18 | convenience or necessity requires.    Furthermore, without application to this Court, any party that
19 | is a beneficiary of the protections of this Order may enter a written agreement releasing any other
20 | party hereto from one or more requirements of this Order even if the conduct subject to the release
21 | would otherwise violate the terms herein.

22 |     H.     The United States District Court for the Northern District of California is responsible
23 | for the interpretation and enforcement of this Agreed Protective Order.   After termination of this
24 | litigation, the provisions of this Agreed Protective Order shall continue to be binding except with
25 | respect to those documents and information that become a matter of public record.   This Court
26 | retains and shall have continuing jurisdiction over the parties and recipients of the Protected
27 | Information for enforcement of the provision of this Agreed Protective Order following termination
28 | of this litigation.   All disputes concerning Protected Information produced under the protection of

-22-

1   this Agreed Protective Order shall be resolved by the United States District Court for the Northern

2   District of California.

3        I.      Nothing in this Protective Order shall preclude or impede outside litigation counsel

4   of record's ability to communicate with or advise their client in connection with this litigation only

5   based on such counsel's review and evaluation of Protected Information, provided however, that

6   such communications or advice shall not disclose or reveal the substance or content of any Protected

7   Information other than as permitted under this Protective Order.

8        J.      Each of the parties agrees to be bound by the terms of this Protective Order as of the

9   date counsel for such party executes this Protective Order, even if prior to entry of this order by the

10   Court.

11   Dated: March 21, 2014             OSTRAGER CHONG FLAHERTY
                                          & BROITMAN P.C.

By: /s/ Joshua S. Broitman

Glenn F. Ostrager (*admitted pro hac vice*)
Joshua S. Broitman (*admitted pro hac vice*)
570 Lexington Avenue
New York, NY 10022
Telephone: (212) 681-0600
Facsimile: (212) 681-0300

Robert C. Schubert S.B.N. 62684
*rschubert@schubertlawfirm.com*
Willem F. Jonckheer S.B.N. 178748
*wjonckheer@schubertlawfirm.com*
SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
Telephone: (415) 788-4220
Facsimile: (415) 788-0161

*Counsel for Plaintiff Daniel Strub*

       Case No. 3:13-cv-04704-RS
STIPULATED PROTECTIVE ORDER

1  Dated:  March 21, 2014

QUINN EMANUEL URQUHART
SULLIVAN, LLP

By: /s/ Adam Botzenhart

Melissa J. Baily (Bar No. 237649)
Adam Botzenhart (Bar No. 282108)

50 California Street, 22nd Floor
San Francisco, California   94111
Telephone:  (415) 875 6600
Facsimile:  (415) 875 6700
Email:  melissabaily@quinnemanuel.com
            adambotzenhart@quinnemauel.com

*Counsel for Defendants YouTube, LLC, and Google Inc.*

DATED:  3/31/ , 2014

PURSUANT TO STIPULATION, IT IS SO
ORDERED.

_____
The Honorable Richard Seeborg
United States District Judge

-24-                                    Case No. 3:13-cv-04704-RS

STIPULATED PROTECTIVE ORDER

**ATTACHMENT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty of perjury that I have

read in its entirety and understand the Protective Order that was issued by the United States District

Court for the Northern District of California in the case of *Strub v. YouTube, LLC*, Case No.

12-cv-04704-RS (N.D. Cal.).  I agree to comply with and to be bound by all the terms of this

Protective Order and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Protective Order, even

if such enforcement proceedings occur after termination of this Action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number]

as my California agent for service of process in connection with this Action or any proceedings

related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                         [printed name]

Signature: _____
                       [signature]

STIPULATED PROTECTIVE ORDER

1

## ATTESTATION

2    I, Adam Botzenhart, am the ECF User whose ID and password are being used to file this

3 Stipulation.   In compliance with L.R. 5-1, I hereby attest under penalty of perjury that the

4 concurrence in the filing of this document has been obtained from its signatories.

5

6 Dated: March 21, 2014                                  By: /s/ Adam Botzenhart

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 3:13-cv-04704-RS
STIPULATED PROTECTIVE ORDER